GOULD, Circuit Judge,
Dissenting.
I respectfully dissent from denial of declaratory relief. We have said that a district court abuses its discretion when it makes a decision that is illogical. See United States v. Hinkson, 585 F.3d 1247, 1263 (9th Cir.2009). To my thinking it is illogical for a district court to conclude that declaratory relief would “serve no useful purpose” when a request for such relief is presented to a court following a delay of more than 17 years by a federal agency in reaching a resolution of an important federal law question facing the EPA. Would it not be a useful purpose for the district court to tell EPA that it should not sit for more than 17 years on a Title VI complaint about allegedly discriminatory placement of hazardous waste sites in a community that is primarily inhabited by the disadvantaged? The poor and powerless who inhabit the areas where the sites were placed do not have a lot of ability to marshal political forces in their favor, and I would, have thought that part of the reasoning of Congress in Title VI was to give a boost to their voice via the federal judiciary. Yet here relief that could hold promise for principled and timely decision on predictable future cases involving the same parties received a summary rejection by the district court which could see no purpose to relief. As I think declaratory relief would have served a positive purpose to make timely decision by EPA on future cases more likely, I respectfully dissent. That such relief would likely be helpful is brought into prominent view when we consider that our court, only six years ago confronted an identical situation and con- *898 eluded that EPA’s actions constituted a “consistent pattern of delay by the EPA.” Rosemere Neighborhood Ass’n v. U.S. Envtl. Prot. Agency, 581 F.3d 1169, 1175 (9th Cir.2009). In response to the actions of the plaintiffs in that case, EPA indicated that it was hiring additional staff and adjusting its procedures in order to eliminate future delays. Id. at 1173 n. 3. Yet, despite that, the record shows that EPA had failed to remedy the delay as late as 2012, and was still responding to the median new complaint nearly six months after the 180 day deadline. Because such delays were commonplace, and the scope of the delay in. the instant case was plainly excessive, where the plaintiffs claims were resolved 17 years after filing, but only 13 months after plaintiffs had brought suit, the plaintiffs here were entitled to more than the conclusion that the declaratory relief they sought served “no useful purpose.” Much of the business of the United States rests on the shoulders of federal administrative agencies, and our system will not function properly if they delay decisions for nearly two decades, deciding matters only after prompted by litigation.